# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANOKIWAVE, INC., a Delaware corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>GABRIEL REBEIZ, an individual; SPECTRABEAM, LLC, a Delaware limited liability company; TUMAY KANAR, an individual; SAMET ZIHIR, an individual; INTEGRATED DEVICE TECHNOLOGY, INC., a Delaware corporation; and DOES 1-20 inclusive<br><br>　　　　　　　　　　　　Defendants. | Case No.: 18-cv-00629-JLS-MDD<br><br>**ORDER ON NON-PARTY JAZZ SEMICONDUCTOR, INC. MOTION TO QUASH SUBPOENA**<br><br>**[ECF NO. 76]** |

Before the Court is a motion by Defendants to quash or modify a subpoena to non-party Jazz Semiconductor, Inc., served by Plaintiff. Jazz is one of the leading foundries that fabricates semiconductor chips for RF chip designers, including Defendants. Through the subpoena, Plaintiff generally seeks documents regarding communications between Jazz and Defendants regarding their RF chips.

1

## LEGAL STANDARD

Rule 45, Fed. R. Civ. P., governs obtaining information by subpoena from non-parties. Under Rule 45(d)(1), the requesting party or attorney "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." A non-party subject to a subpoena duces tecum "deserve[s] extra protection from the courts." *High Tech Medical Instrumentation v. New Image Indus.,* 161 F.R.D. 86, 88 (N.D. Cal. 1995) (citing *United States v. Columbia Broadcasting System,* 666 F.2d 364, 371–72 (9th Cir. 1982)). And, Rule 45(d)(1) requires the court to "enforce this duty and impose an appropriate sanction . . . on a party or attorney who fails to comply."

Apart from the special duty imposed on the requesting party by Rule 45(d)(1), Rule 26(b), Fed. R. Civ. P., provides that discovery may be obtained only if it is relevant to any party's claim or defense and proportional to the needs of the case. *See Soto v. Castlerock Farming & Transp., Inc*., 282 F.R.D. 492, 503 (E.D. Cal. 2012).

## DISCUSSION

The subpoena includes 21 different document requests. Defendants object to each request claiming that the requests are overbroad and unduly burdensome to Jazz. Plaintiff correctly points out that Defendants have no standing to object on the grounds that production is unduly burdensome because it is not their burden to produce the documents. Jazz has made no such objection. Therefore, the only objection the Court will consider is whether or not the requests are overbroad or seek irrelevant information. Contrary to Plaintiff's arguments, the fact that Jazz has agreed to produce relevant documents does not overcome Defendants' proper objections.

///

2

18-cv-00629-JLS-MDD

1. Requests 1-11

Requests 1-4 and 7-11 seek all documents relating to Defendants and "RF Chips" during the relevant period and all communications between Defendants and Jazz. Requests 5-6 seek all documents relating to the development and design of RF chips between Jazz and SpectraBeam during the relevant time period. Defendants contend that these requests actually seek the technical details of all of Defendants' chips. Defendants explain that Jazz's customers, including Defendants, send their "highly-detailed, confidential, and competitively-sensitive technical data" that is required for Jazz to fabricate the chips. Plaintiff does not challenge this explanation.

As an initial matter, to the extent the requests seek information about all "RF Chips" and not just the chips at issue, it is overbroad. Further, both Plaintiff and Defendants have sought the technical details of each other's chips through highly contested discovery requests. In a separate order, the Court has refused to compel production of the technical details of the chips at issue absent a showing that the technical details of the chips are at issue in this trade secret litigation. These requests appear to seek the same information that the Court has already denied. Therefore, Defendants' motion to quash requests 1-11 is **GRANTED**.

2. Requests 11-12

Requests 11 and 12 seek all documents relating to the testing of arrays for RF chips and related to funding for development of RF chips during the relevant time period. Defendants argue that the request is overbroad as currently framed. To the extent the requests seek information about all "RF Chips" and not just the chips at issue, it is overbroad. Defendants' motion to quash is **GRANTED in part.** Jazz must respond to the requests for the chips at issue.

### 3. Requests 13-16

Requests 13-16 seek documents between Jazz and each Defendant that relate to Anokiwave during the relevant time period. Defendant objects generally claiming the request is overbroad in that it has no end date and constitutes impermissible fishing. The Court disagrees. Defendants' motion to quash is **DENIED**.

### 4. Request 17

Through this request, Anokiwave seeks all documents relating to antenna array testing using Anokiwave RF chips. Defendant repeats its objections. However, the Court fails to see why Defendants take issue with Anokiwave seeking information about its own RF chips. Defendants' motion to quash is **DENIED**.

### 5. Requests 18-21

Requests 18-21 seek all agreements between Jazz and Defendants related to RF chips. To the extent the requests seek information about all "RF Chips" and not just the chips at issue, it is overbroad. Defendants' motion to quash is **GRANTED in part.** Jazz must respond to the requests for the chips at issue.

## CONCLUSION

The motion to quash is **GRANTED IN PART AND DENIED IN PART**. Jazz Semiconductor, Inc., must respond to Requests 13-17 in full and 11-12 and 18-21 as amended of the subpoena duces tecum as provided herein. Jazz need not respond to the balance of the Requests.

Dated: August 19, 2019

_____
Hon. Mitchell D. Dembin
United States Magistrate Judge